# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **J & J Sports Productions, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 16-CV-184-JED-FHM |
| v. | ) |
| | ) |
| **Roy Cordoba, Individually and d/b/a** | ) |
| **La Oficina; and La Oficina Company,** | ) |
| **LLC, d/b/a La Oficina,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

The Court has for its consideration plaintiff's Motion for Default Judgment and Brief in Support (the "Motion") (Docs. 14, 15). For the reasons discussed herein, the Court finds that the Motion should be granted in part and denied in part.

### I.  Background

Plaintiff's Complaint alleges defendant Roy Cordoba and defendant La Oficina Company, LLC ("La Oficina Company") to be owners, operators, and manager of a commercial establishment, La Oficina, located in Tulsa, Oklahoma. (Doc. 2, ¶¶ 6-7). On April 12, 2014, *"Toe to Toe" Manny Pacquiao v. Timothy Bradley, II WBO Welterweight Championship Fight Program*, a television program including the titled fight plus undercard bouts and fight commentary (the "Program") was aired. Plaintiff alleges that it paid for and was granted exclusive nationwide television rights to the Program, and plaintiff expended substantial sums to market, advertise, promote, administer and transmit the Program to customers nationwide, including in Oklahoma. (*Id.*, ¶ 10-11). The Complaint further states that the defendant and/or her agents knowingly and unlawfully intercepted, published, divulged and exhibited the Program at

the time of its transmission at defendant's commercial establishment in Tulsa, Oklahoma, and that their actions were in violation of 47 U.S.C. § 605 *et seq*. (*Id.*, ¶ 12).

At plaintiff's request, the Clerk of Court issued an Entry of Default (Doc. 11) against defendant La Oficina Company on May 25, 2016. The Clerk of Court granted plaintiff's Motion for Entry of Default (Doc. 13) against defendant Roy Cordoba on June 3, 2016. Plaintiff then moved for default judgment, requesting a judgment in its favor in the amount of $110,000 against each defendant, plus attorneys' fees and costs. (Docs. 14, 15).

Plaintiff seeks maximum statutory damages against each defendant under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that an aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . . " In addition, plaintiff seeks maximum enhanced damages against each defendant pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which states that "in any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." In sum, plaintiff requests $110,000 in statutory damages against each defendant and also seeks attorneys' fees in the amount of $1,545.00 and costs in the amount of $423.66.

In support of its request for maximum statutory and enhanced damages, plaintiff has submitted the affidavit of its President, Joseph M. Gagliardi (Doc. 15, Ex. 1) and the affidavit of investigator Jasem Nassif (*Id.*, Ex. 2). Nassif witnessed the pirated exhibition of the Program at La Oficina at 8:33 p.m. on April 12, 2014. At that time, Nassif counted approximately 10 patrons at La Oficina. (*Id.*). He stated that the Program was displayed on two television

2

screens. (*Id*.)  Nassif further stated that the patrons were required to pay a $10 cover charge. (*Id.*). Plaintiff has provided the Court with a Rate Card for the Program indicating that the minimum fee to broadcast the Program in an establishment with a capacity of up to 100 people was $2,200. (Doc. 15, Ex. 1).

Plaintiff cites various decisions from the Western District of Oklahoma in which judges faced with similar circumstances awarded maximum statutory and enhanced damages.  *See* Doc. 15 at 11-12, citing *J & J Sports Prods., Inc. v. Sanchez*, 10-CV-1163-C (W.D. Okla., Jan. 13, 2011); *J & J Sports Prods., Inc. v. Calderon*, 10-CV-123-L (W.D. Okla., Feb. 28, 2011); *J & J Sports v. Cuellar*, 11-CV-153-L (W.D. Okla., July 6, 2011); *J & J Sports v. Cuellar*, 10-CV-1162-C (W.D. Okla., Apr. 14, 2011).

Judges in this district, however, have routinely declined to award the maximum statutory and enhanced damages.  For example, in *Joe Hand Promotions, Inc. v. John M. McLemore*, 10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011) (Doc. 28), the establishment had a capacity of 70; the sublicense fee would have been $875; no cover fee was charged; the event was broadcast on three television screens; and the plaintiff's investigator counted 84 people at the establishment.  *Id*. at 3.  Based on the facts, United States District Judge Claire V. Eagan declined to award the requested maximum statutory and enhanced damages and instead awarded the plaintiff $2,500 in statutory damages and $2,500 in enhanced damages.  *Id.* at 3-4.  This amount, the court reasoned, was sufficient to both "compensate the plaintiff for any fee that should have [been] paid by the defendants," and to "sufficient[ly] punish defendants for the illegal conduct and deter future violations." *Id.; see also J & J Sports Prods., Inc. v. Rivas*, 10-CV-760-GKF-TLW (N.D. Okla. Aug. 16, 2012) (awarding $2,500 in statutory damages and $2,500 in enhanced damages); *J & J Sports Prods., Inc. v. Samano*, 13-CV-721-GKF-FHM

(N.D. Okla. May 5, 2014) (awarding $2,500 in statutory damages and $3,000 in enhanced damages); *J & J Sports Prods., Inc. v. Ramirez*, 14-CV-38-GKF-TLW (N.D. Okla. July 2, 2014) (awarding $3,000 in statutory damages and $2,500 in enhanced damages). This Court most recently awarded $5,000 in statutory damages and $10,000 in enhanced damages in *J & J Sports Prods. Inc., v. Bautista*, 13-CV-719-JED-FHM (N.D. Okla. February 19, 2015). There, the event was broadcast on multiple television screens, including a large 8 foot by 12 foot projection screen, there was no cover fee charged, and the investigator reported a crowd of between 78 and 125 patrons. (Doc. 33 at 5).

Having compared the uncontested facts presented in this case—most notably that the defendants charged patrons a $10 cover fee—with those set forth in the cases cited above, the Court finds that an award of $5,000.00 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and $10,000.00 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will adequately and justly compensate the plaintiff for any fee that should have been paid by defendants and will sufficiently deter future similar violations.

Under 45 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The Court has considered plaintiff's attorneys' fees and costs submissions (Doc. 15, Ex. 3; Doc. 15, Ex. 4) and finds that the requested amounts—$1,545.00 for attorneys' fees and $423.66 for costs—are reasonable and appropriate in light of the work expended as indicated by the filings of record.

IT IS THEREFORE ORDERED that plaintiff's Motion for Default Judgment and Brief in Support (Docs. 14, 15) are **granted in part and denied in part**. The Court finds that damages totaling $15,000.00 as to each defendant, along with $1,545.00 in attorneys' fees and

5

$423.66 in costs, is an appropriate amount to award under the applicable statutes and circumstances.

DATED this 25th day of October, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE